**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLES WAYNE UPTERGROVE, MARTHA GENE UPTERGROVE,**<br><br>                    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES OF AMERICA, UNITED STATES ATTORNEY MCGREGOR W. SCOTT, TRIAL ATTORNEY G. PATRICK JENNINGS, U.S. MARSHALS OFFICE, MARILYN COLLINS, DOES 1-100,**<br><br>                    Defendants. | **1:08-CV-01800-OWW-SMS**<br><br>**MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 10-2)** |

## I. INTRODUCTION

Plaintiffs Charles Wayne Uptergrove and Martha Gene Uptergrove (collectively "Plaintiffs"), appearing pro se, filed suit against the United States of America ("United States"), United States Attorney McGregor Scott ("Scott"), Trial Attorney G. Patrick Jennings with the Tax Division of the United States Department of Justice ("Jennings"), the United States Marshals Office ("U.S. Marshals"), Internal Revenue Service ("IRS") employee Marilyn Collins ("Collins"), and Does 1-100 (collectively "Defendants"). The complaint brought under 42 U.S.C. § 1983 alleges that Defendants violated Plaintiffs' Seventh Amendment rights. Plaintiffs seek no damages, but

1

request "equitable relief and injunctive relief against defendants permanently restraining them from seizing and selling" their home. (Doc. 1, Compl. at p. 13.)

Before the court for decision is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States asserts that each defendant is entitled to immunity from suit. Plaintiffs have not filed an opposition with the court. Instead, Plaintiffs mailed a copy of their opposition to the Fresno IRS office, which forwarded the opposition to Defendants. Defendants attached Plaintiffs' opposition to their reply brief, filed April 3, 2009, as Exhibit "A." (Doc. 12.) Oral argument was heard on April 13, 2009; Plaintiffs did not appear.

## II. BACKGROUND

Plaintiffs' claim arises from facts relating to two prior lawsuits. (Compl. ¶ 1.) The first lawsuit, *In re Charles Uptergrove, DBA Urc Trucking*, No. LA 88-14691-NRR, involving Plaintiff Charles Wayne Uptergrove ("Charles"), began as a Chapter 7 bankruptcy proceeding, but was later converted to a Chapter 11 bankruptcy proceeding. (*Id.*) In the second lawsuit, *United States v. Uptergrove*, No. 1:06-CV-01630-AWI-LJO (E.D. Cal. Sept. 24, 2008) ("*Uptergrove I*"), the United States sought to reduce Plaintiffs' federal tax liabilities to judgment and foreclose on real property owned by them. (Doc. 10-2 at 2.) Due to Plaintiffs' refusal to cooperate during discovery, the

district court ordered sanctions and warned Plaintiffs that failure to comply with the order could result in a default judgment. (*Id.*) Plaintiffs did not comply with the order and a default judgment was subsequently entered, ordering the sale of real property to satisfy unpaid federal tax liabilities and unpaid sanctions. (*Id.*) *Uptergrove I* is currently on appeal to the Ninth Circuit. (*Id.*)

Plaintiffs allege here that in bringing *Uptergrove I*, Scott and Jennings "intentionally, knowingly, willfully, falsified factual allegations against [Plaintiff] Martha Uptergrove in which they falsely alleged that she was owner, operator, or employee, of a business called Ikon Roofing, and owed taxes from income relating to said business . . . ." (Compl. ¶ 2.) Plaintiffs allege that Martha Gene Uptergrove ("Martha") was not involved with Ikon Roofing, rather, she was employed by the Madera Water District. (Compl. ¶ 3.) Martha alleges that she was terminated from the Madera Water District due to the alleged unlawful levying from her paycheck by the IRS. (*Id.*) Martha does not seek damages for the alleged termination.

Plaintiffs further allege that IRS Agent Collins falsely represented that Martha was an owner of Ikon Roofing. (Compl. ¶¶ 4, 5.) Plaintiffs allege that Collins' false statement prompted the IRS to issue a wage levy order to Martha's employer, and the seizing of Charles's property. (Compl. ¶ 5.) Plaintiffs also allege that Defendant United States "intentionally omitted [and] excluded . . . evidence . . . " in *Uptergrove I*. (Compl. ¶ 10.)

3

## III. STANDARD OF DECISION

### A. Subject Matter Jurisdiction - Fed. R. Civ. Proc. 12(b)(1)

A court may only exercise subject matter jurisdiction in an action against the Federal Government where (1) a statutory authority vests the district court with subject matter jurisdiction; and (2) the United States has waived its sovereign immunity. *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). "Absent consent to sue, dismissal of the action is required." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

### B. Failure to State a Claim - Fed. R. Civ. Proc. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." In deciding whether to grant a motion to dismiss, the court must "accept all factual allegations of the complaint as true and draw all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou,* 314 F.3d 979, 983 (9th Cir. 2002). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061 (9th Cir. 2008) (citing *Bell Atl. v. Twombly,* 550 U.S. 544; 127 S. Ct. 1955 (2007) (rejecting interpretation of Rule 8 that permits dismissal only when the plaintiff can prove "no set of facts" in support of his claim). A court is not "required to accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Something "more than labels and conclusions" is needed to provide the grounds for relief. *Bell Atl.*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Matters of public record may be considered, including pleadings, orders, and other papers filed with the court of records of administrative bodies. *See Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988. When ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint when authenticity is not contested, and matters of which the court may take judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1988).

Pro se complaints are held to less stringent standards than formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court must construe a pro se plaintiff's "inartful pleading" liberally in determining whether a claim has been stated, including pro se motions as well as complaints. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). This is especially true when a plaintiff appears pro se in a civil rights case. *Ferdik*

*v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988).

## IV. DISCUSSION

### A. Collateral Attack / Anti-Injunction Act

Defendants argue that "Plaintiffs' Complaint is an attempt to collaterally [attack] the judgment entered against them in [*Uptergrove I*]." (Doc. 10-2 at 2.) In *Uptergrove I*, the United States sought to reduce Plaintiffs' federal tax liabilities to judgment and foreclose on real property owned by Plaintiffs. (*Id.*) Due to Plaintiffs' refusal to cooperate during discovery, the district court ordered sanctions and warned Plaintiffs that failure to comply with the order could result in a default judgment. (*Id.*) Plaintiffs did not comply with the order and a default judgment was subsequently entered, ordering the sale of real property to satisfy unpaid federal tax liabilities and unpaid sanctions. (*Id.*) *Uptergrove I* is currently on appeal to the Ninth Circuit. (*Id.*)

"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995)). The United States Supreme Court made clear:

> [I]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review,

>either by itself or by a higher court, its orders based on its discretion are to be respected.

*Celotex*, 514 U.S. at 313 (quoting *Walker v. Birmingham*, 388 U.S. 307, 314 (1967)(quotations omitted).

This case is a collateral attack upon *Uptergrove I* because the only relief sought here by Plaintiffs is equitable and injunctive relief to restrain Defendants from "seizing and selling the property" at issue in *Uptergrove I*. (Doc. 10-2 at 3.)

Plaintiffs argue that a judicially created exception to the Anti-Injunction Act permits them to collaterally attack the prior judgment. (Doc. 12-2 at 7.)[1] The Anti-Injunction Act, 26 U.S.C. § 7421(a), bars lawsuits aimed at restraining the assessment or collection of taxes.[2] Plaintiffs contend that an exception to the Anti-Injunction Act, as provided in *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 7 (1962), allows them to collaterally attack the judgment in *Uptergrove I*. (Doc. 12-2 at 14, 17.)

*Enochs* permits a lawsuit to enjoin collection of taxes if: (1) "under no circumstances could the Government ultimately prevail;" and (2) the taxpayer will suffer irreparable injury without injunctive relief. *Enochs*, 370 U.S. at 7; *see also Bob*

---

[1] Plaintiffs' arguments are derived from their opposition submitted to the court via Defendants' reply brief. (*See* Doc. 12, Exhibit "A".)

[2] The Anti-Injunction Act reads in pertinent part: "Except as provided . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).

7

*Jones Univ. v. Simon*, 416 U.S. 725, 742-46 (1974); *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990). A plaintiff has the burden of pleading and proving facts to show that the government cannot ultimately prevail. *Comm'r v. Shapiro*, 424 U.S. 614, 628-29 (1976). The *Enochs* exception, however, is only applicable during the pendency of the original tax collection action, i.e., *Uptergrove I*, and is only triggered when the government cannot ultimately prevail. *See Enochs*, 370 U.S. at 7 (discussing the exception in terms of the underlying tax collection action, i.e., the original proceeding). Plaintiffs cannot assert the *Enochs* exception here because the government did prevail in *Uptergrove I* (the original tax collection action), making it impossible for them to establish that the government could not prevail in that case.

Plaintiffs cannot use this lawsuit to collaterally attack the judgment in *Uptergrove I*. While an appeal is pending, the district court's judgment is the law of the case unless and until reversal by the Court of Appeals. *See Celotex*, 514 U.S. at 313. Accordingly, the relief Plaintiffs seek, an injunction against foreclosure of their home, is barred. As to this form of relief, Defendants' motion to dismiss is GRANTED WITH PREJUDICE.

Even if Plaintiffs sought damages or other forms of relief, the analysis below reveals that any such claims are also barred.

**B.  Section 1983 Claim**

Plaintiffs' complaint alleges a "Title 42 § 1983" claim against the United States, Scott, Jennings, the U.S. Marshals Office, and Collins. Each of these defendants is either a

8

federal entity or an employee of a federal agency.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, <u>of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). Section 1983 "deals only with those deprivations of rights that are accomplished under the color of 'any State or Territory.'" *Dist. of Columbia v. Carter*, 409 U.S. 418, 424 (1973). Section 1983 does not apply to "actions of the Federal Government and its officers[, they] are at least facially exempt from its proscriptions." *Id.* at 424-25; *see also Nguyen Da Yen v. Kissinger*, 528 F.2d 1194, 1200 (9th Cir. 1975)(finding a § 1983 action against federal officials improper). Federal officials may be subject to suit for deprivations of civil rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971). Here, however, all of the named defendants are, for the reasons set forth below, immune from suit.

C. <u>Defendants' Immunities</u>

The United States argues that each defendant is immune from suit. (Doc. 10-2.)

1. <u>United States</u>

Defendant United States contends that, as a sovereign, it is immune from suit. (Doc. 10-2 at 5.) A court may exercise

subject matter jurisdiction in an action against the United States where (1) a statutory authority vests the district court with subject matter jurisdiction; and (2) the United States has waived its sovereign immunity. *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

"The United States is a sovereign and, as such, is immune from suit without its prior consent." *Hutchinson*, 677 F.2d at 1327 (citing *United States v. Shaw*, 309 U.S. 495, 500-01 (1940)). Here, Plaintiffs identify no statutory authority waiving the United States' sovereign immunity, nor does the record indicate that the United States has otherwise waived its immunity.

As to defendant United States, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED WITH PREJUDICE.

### 2. U.S. Marshals Office

Defendants argue that the "U.S. Marshals," as an agency of the sovereign, is also immune from suit. "[S]overeign immunity shields the Federal Government <u>and its agencies</u> from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (emphasis added). As an agency of the United States, the U.S. Marshals Service, is entitled to sovereign immunity. *Delgado v. Detention Center*, 839 F. Supp. 345, 346 (E.D. Pa. 1993); *see also Komongnan v. U.S. Marshals Service*, 471 F. Supp. 2d 1, 4 (D. D.C. 2006) (dismissing action against U.S. Marshals Service in a *Bivens* action because, as an agency of the United States, the U.S. Marshals are immune from suit). Plaintiffs have not alleged, and the record does not indicate, that the U.S. Marshals have consented to suit, which leaves the U.S. Marshals' immunity

10

intact.

Defendants' motion to dismiss for lack of subject matter jurisdiction, as to the U.S. Marshals, is GRANTED WITH PREJUDICE.

### 3. U.S. Attorney McGregor Scott, Trial Attorney G. Patrick Jennings, and IRS Official Marilyn Collins - Official Capacity Claims

Claims against government officials acting in their official capacity are essentially suits against the United States. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States of America* ("*Consejo*"), 482 F.3d 1157, 1173 (9th Cir. 2007). In *Consejo*, the Ninth Circuit provided:

> [A] Bivens action can be maintained against a defendant in her or her individual capacity only, and not in his or her official capacity . . . . This is because a Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity . . . .

(internal citations and quotations omitted). Moreover, "[t]he bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants." *Hutchinson*, 677 F.2d at 1327.

Here, Scott, Jennings, and Collins are employees of the United States: Scott is a U.S. Attorney, Jennings is a Trial Attorney with the Tax Division of the U.S. Department of Justice, and Collins is an IRS Agent. Any official capacity claims against these individuals are claims against the sovereign and are barred.

Defendants' motion to dismiss for lack of subject matter jurisdiction, as to Scott, Jennings, and Collins acting in their official capacities, is GRANTED WITH PREJUDICE.

### 4. U.S. Attorney McGregor Scott and Trial Attorney G. Patrick Jennings - Individual Capacity Claims

Scott and Jennings, as government prosecutors, are entitled to absolute immunity from suit. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991). *Fry* provides: "If the government attorney is performing acts 'intimately associated with the judicial phase' of the litigation, that attorney is entitled to absolute immunity from damage liability." *Id*. "Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978). The judicial process contains safeguards to ensure that advocates are restrained, that is, they are restrained by their professional obligations and by the judicial adjudicative process itself. *Id.* Accordingly, "federal prosecutors are absolutely immune from claims of malicious prosecution." *Flood v. Harrington*, 532 F.2d 1248, 1250-51 (9th Cir. 1976).

Here, Plaintiffs allege that Scott and Jennings made fraudulent statements in the complaint and pleadings in *Uptergrove I*. Specifically, Plaintiffs contend that Scott and Jennings knowingly misrepresented the fact that Martha was not an owner of Ikon Roofing, and as such, was not liable for federal income taxes arising from that business. This alleged misconduct engaged in by Scott and Jennings arises from the natural course of litigation, i.e., filing the initial complaint, which involves alleging facts in the pleadings, and subsequent pleadings. Accordingly, both Scott and Jennings, as government prosecutors are entitled to absolute immunity.

Defendants' motion to dismiss for failure to state a claim as to Scott and Jennings, as they are entitled to absolute immunity, is GRANTED WITH PREJUDICE.

### 5. IRS Agent Marilyn Collins- Individual Capacity Claim

Defendants argue that insofar as Collins is sued in her individual capacity, she is not subject to suit. (Doc. 10-2 at 9.) *Bivens* relief is not available for "allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection." *Adams v. Johsnosn*, 355 F.3d 1179, 1188 (9th Cir. 2004). In *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990), the plaintiff alleged that IRS agents engaged in fraudulent and intimidating conduct. The court stated that it has "never recognized a constitutional violation arising from the collection of taxes." *Id.*

Here, Plaintiffs allege that Collins made false statements in her assessments of Plaintiffs' tax liability, as the plaintiff attempted to do in *Wages*. Allegations of fraudulent conduct will not overcome the settled rule that a *Bivens* action cannot be brought for the assessment and collection of taxes, as the Internal Revenue Code provides adequate alternative remedies for alleged misconduct.

Defendants' motion to dismiss for failure to state a claim is GRANTED WITH PREJUDICE.

*//*
*//*
*//*
*//*

## V. CONCLUSION

For these reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED, as to the United States, the U.S. Marshals, and Scott, Jennings, and Collins as federal officials acting in their official capacity. Defendants' motion to dismiss for failure to state a claim is GRANTED, as to Scott, Jennings, and Collins, acting in their individual capacity. As to Does 1-100, Plaintiffs have failed to identify any additional defendants. Defendants' motion to dismiss as to Does 1-100 is GRANTED WITHOUT PREJUDICE.

Defendants shall lodge a form of order confirming these findings with five (5) days following electronic service of this memorandum decision.

SO ORDERED

Dated: April 17, 2009

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge