UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WAYNE UPTERGROVE, MARTHA GENE UPTERGROVE,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED STATES OF AMERICA, UNITED STATES ATTORNEY MCGREGOR W. SCOTT, TRIAL ATTORNEY G. PATRICK JENNINGS, U.S. MARSHALS OFFICE, MARILYN COLLINS, DOES 1-100,<br><br>                    Defendants. | 1:08-CV-01800-OWW-SMS<br><br>MEMORANDUM DECISION RE PLAINTIFFS' MOTION FOR RECONSIDERATION |

I. <u>INTRODUCTION</u>

Plaintiffs Charles Wayne Uptergrove and Martha Gene Uptergrove (collectively "Plaintiffs"), appearing pro se, have filed suit against the United States of America ("United States"), United States Attorney McGregor Scott ("Scott"), Trial Attorney G. Patrick Jennings with the Tax Division of the United States Department of Justice ("Jennings"), the United States Marshals Office ("U.S. Marshals"), Internal Revenue Service ("IRS") employee Marilyn Collins ("Collins"), and Does 1-100 (collectively "Defendants").  The complaint, brought under 42 U.S.C. § 1983, alleged that Defendants violated Plaintiffs' Seventh Amendment rights.  Plaintiffs sought no damages, but requested "equitable relief and injunctive relief against defendants permanently restraining them from seizing and selling"

1

their home.  (Doc. 1, Compl. at 13.)

An April 17, 2009 memorandum decision granted Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 16.)  Judgment was filed May 4, 2009.  (Doc. 18, dated April 29, 2009.)

Before the court for decision are Plaintiff's "Motion to Set Aside Vacate 'Judgment in a Civil Case' Dated 4/29/2009," and related request for judicial notice.[1]  (Doc. 19.)

## II. BACKGROUND

A.   Underlying Claims and Prior Lawsuits.

Plaintiffs' claim arises from facts relating to two prior lawsuits.  (Compl. ¶ 1.)  The first lawsuit, *In re Charles Uptergrove, DBA Urc Trucking*, No. LA 88-14691-NRR, involving Plaintiff Charles Wayne Uptergrove ("Charles"), began as a Chapter 7 bankruptcy proceeding, but was later converted to a Chapter 11 bankruptcy proceeding.  (*Id.*)  In the second lawsuit, *United States v. Uptergrove*, No. 1:06-CV-01630-AWI-LJO (E.D. Cal. Sept. 24, 2008) ("*Uptergrove I*"), the United States sought to reduce Plaintiffs' federal tax liabilities to judgment and foreclose on real property owned by Plaintiffs.  (Doc. 10-2 at 2.)  Due to Plaintiffs' refusal to cooperate during discovery, the district court ordered sanctions and warned Plaintiffs that

[1] Plaintiffs request judicial notice of various proceedings, "papers, pleadings, orders, and judgments" filed in related cases in this District and before the bankruptcy court.  *See* Doc. 19 at 10.  These are all judicially noticeable public documents. Plaintiffs' request is GRANTED as to the existence of the filed documents, but not of their contents to the extent they refer to disputed matters.

2

failure to comply with the order could result in a default judgment. (*Id.*)  Plaintiffs did not comply with the order and a default judgment was subsequently entered against them, ordering the sale of real property to satisfy unpaid federal tax liabilities and unpaid sanctions. (*Id.*)  *Uptergrove I* is currently on appeal to the Ninth Circuit. (*Id.*)

Plaintiffs allege here that in bringing *Uptergrove I*, Scott and Jennings "intentionally, knowingly, willfully, falsified factual allegations against [Plaintiff] Martha Uptergrove in which they falsely alleged that she was owner, operator, or employee, of a business called Ikon Roofing, and owed taxes from income relating to said business...." (Compl. ¶ 2.)  Plaintiffs allege that Martha Gene Uptergrove ("Martha") was not involved with Ikon Roofing, rather, she was employed by the Madera Water District. (Compl. ¶ 3.)  Martha alleges that she was terminated from the Madera Water District due to the alleged unlawful levying from her paycheck by the IRS. (*Id.*)  Martha does not seek damages for the alleged termination.

Plaintiffs further allege that IRS Agent Collins falsely represented that Martha was an owner of Ikon Roofing. (Compl. ¶¶ 4, 5.)  Plaintiffs allege that Collins' false statement prompted the IRS to issue a wage levy order to Martha's employer, and the seizing of Charles's property. (Compl. ¶ 5.)  Plaintiffs also allege that Defendant United States "intentionally omitted [and] excluded ... evidence ..." in *Uptergrove I*. (Compl. ¶ 10.)

B.   <u>April 17, 2009 Dismissal.</u>

The April 17, 2009 Decision found Plaintiffs' complaint to be an impermissible collateral attack upon *Uptergrove I*:

3

"The collateral attack doctrine precludes litigants
from collaterally attacking the judgments of other
courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895,
902 (9th Cir. 2001) (citing *Celotex Corp. v. Edwards*,
514 U.S. 300, 313 (1995)).  The United States Supreme
Court made clear:

> [I]t is for the court of first instance to
> determine the question of the validity of the
> law, and until its decision is reversed for
> error by orderly review, either by itself or
> by a higher court, its orders based on its
> discretion are to be respected.

*Celotex*, 514 U.S. at 313 (quoting *Walker v. Birmingham*,
388 U.S. 307, 314 (1967)(quotations omitted).

This case is a collateral attack upon *Uptergrove I*
because the only relief sought here by Plaintiffs is
equitable and injunctive relief to restrain Defendants
from "seizing and selling the property" at issue in
*Uptergrove I*.  (Doc. 10-2 at 3.)

(Doc. 16 at 6-7.)

Plaintiffs' argument that "a judicially created exception to
the Anti-Injunction Act permits them to collaterally attack the
prior judgment" was rejected:

> The Anti-Injunction Act, 26 U.S.C. § 7421(a), bars
> lawsuits aimed at restraining the assessment or
> collection of taxes. Plaintiffs contend that an
> exception to the Anti-Injunction Act, as provided in
> *Enochs v. Williams Packing & Navigation Co., Inc.*, 370
> U.S. 1, 7 (1962), allows them to collaterally attack
> the judgment in *Uptergrove I*.  (Doc. 12-2 at 14, 17.)
>
> > [FN 2] The Anti-Injunction Act reads in pertinent
> > part: "Except as provided . . . no suit for the
> > purpose of restraining the assessment or
> > collection of any tax shall be maintained in any
> > court by any person, whether or not such person is
> > the person against whom such tax was assessed."
> > 26 U.S.C. § 7421(a).

4

> *Enochs* permits a lawsuit to enjoin collection of taxes if: (1) "under no circumstances could the Government ultimately prevail;" and (2) the taxpayer will suffer irreparable injury without injunctive relief. *Enochs*, 370 U.S. at 7; *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 742-46 (1974); *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990). A plaintiff has the burden of pleading and proving facts to show that the government cannot ultimately prevail. *Comm'r v. Shapiro*, 424 U.S. 614, 628-29 (1976). The *Enochs* exception, however, is only applicable during the pendency of the original tax collection action, i.e., *Uptergrove I*, and is only triggered when the government cannot ultimately prevail. *See Enochs*, 370 U.S. at 7 (discussing the exception in terms of the underlying tax collection action, i.e., the original proceeding). Plaintiffs cannot assert the *Enochs* exception here because the government did prevail in *Uptergrove I* (the original tax collection action), making it impossible for them to establish that the government could not prevail in that case.

(*Id*. at 7-8.)

Plaintiffs' claims could not survive on any alternative basis. Section 1983, upon which the complaint was grounded, does not permit actions against federal employees or officials, the only defendants in the case. (*Id*. at 9.) Even if Plaintiffs' claims had been brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971), each individual defendant was immune from suit. (*Id*. at 9-11.)

### III. <u>DISCUSSION</u>

A.   <u>Timeliness Under Rule 59(e)</u>

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend judgment to be filed "no later than 10 days after the entry of the judgment." The time limit specified in Rule

5

59(e) is jurisdictional and cannot be extended. *Scott v.*

*Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984).  Plaintiffs' missed

that deadline, filing their motion on May 27, 2009, almost a

month after judgment was entered on May 4, 2009.  No rule 59(e)

motion can be maintained, as it is time-barred.


B.    <u>Application of Rule 60(b).</u>


     Plaintiffs' motion may alternatively be treated under

Federal Rule of Civil Procedure 60(b), which provides six

possible grounds for relief from a final judgment, order or

proceeding:

> On motion and just terms, the court may relieve a party
> or its legal representative from a final judgment,
> order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable
> neglect;
>
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or
> extrinsic), misrepresentation, or misconduct by an
> opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment that has
> been reversed or vacated; or applying it prospectively
> is no longer equitable; or
>
> (6) any other reason that justifies relief.

"Rule 60(b) reconsideration is generally appropriate in three

instances: (1) when there has been an intervening change of

controlling law, (2) new evidence has come to light, or (3) when

6

necessary to correct a clear error or prevent manifest injustice." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citing *Sch. Dist. No. 1J, Multnomah County v. ACandS*, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).

Here, Plaintiffs seek to set aside the judgment and suggest that the district court committed "clear plain error" by dismissing their case.  Their motion, which is very difficult to read and understand, appears to reiterate many of the points made in Plaintiffs' complaint and opposition to the motion to dismiss. For example, Plaintiffs complain that the complaint filed against them by the United States was based on "unsupported factual allegation[s]," Doc. 19 at 6; that the individual defendants were "attack[ing]" Plaintiffs,' causing them harm, *id*.; and that the prosecutors of the underlying tax case against Plaintiffs made fraudulent statements and misled Plaintiffs and the court in ways that eventually led to a "fraudulently obtained default judgment," *id*. at 7-8.

Plaintiffs argue that "committing fraud and intentional concealment has nothing to do with the duties and functions of tax assessments or collections under the law," and, therefore, that this lawsuit is not a collateral attack upon the judgment in *Uptergrove I*.  Plaintiffs maintain that the district court committed "clear plain error" by holding otherwise.  To the

extent that such an argument is cognizable under Rule 60(b) at all, it is not well founded.  The Anti-Injunction Act states that "[e]xcept as provided ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  The act prohibits collateral lawsuits that would have the effect of restraining the collection of taxes.  *See Dickens v. United States,* 671 F.2d 969, 971 (6th Cir. 1982).  Plaintiffs' lawsuit, which seeks to hold individual officers of the United States liable for alleged misconduct and fraudulent statements made in the context of collecting taxes from Plaintiffs, is covered by the Anti-Injunction Act's bar against collateral attacks on tax collection actions.  The district court previously rejected Plaintiffs' argument that the exception to the anti-injunction act created in *Enochs* applies here.

> *Enochs* permits a lawsuit to enjoin collection of taxes if: (1) "under no circumstances could the Government ultimately prevail;" and (2) the taxpayer will suffer irreparable injury without injunctive relief. *Enochs*, 370 U.S. at 7; *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 742-46 (1974); *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990).  A plaintiff has the burden of pleading and proving facts to show that the government cannot ultimately prevail. *Comm'r v. Shapiro*, 424 U.S. 614, 628-29 (1976).  The *Enochs* exception, however, is only applicable during the pendency of the original tax collection action, i.e., *Uptergrove I*, and is only triggered when the government cannot ultimately prevail. *See Enochs*, 370 U.S. at 7 (discussing the exception in terms of the underlying tax collection action, i.e., the original proceeding).

8

> Plaintiffs cannot assert the *Enochs* exception here
> because the government did prevail in *Uptergrove I* (the
> original tax collection action), making it impossible
> for them to establish that the government could not
> prevail in that case.

(Doc. 16 at 7-8.)  Plaintiffs present no new law or argument that would warrant reversal of this holding.

Similarly, Plaintiffs argue that the district court committed "clear plain error" when it granted the motion to dismiss this lawsuit as a collateral attack on a prior judgment because *Uptergrove I* was not yet final.  Plaintiffs appear to suggest that the district court's ruling is not "final" because it is on appeal.  This is not the law.  For example, a judgment of a trial court is "final" for purposes of collateral estoppel unless and until it is reversed on appeal.  *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007).  The same rule applies if a Rule 59 motion is pending before the trial court.  *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988).

Plaintiffs complain that individuals who commit "fraud in the name of the Public" should not be allowed to "hide behind the veil of a claim of Sovereign Immunity," where the court can exercise its equitable jurisdiction over the parties.  Although there are some statutes which waive the United States' sovereign immunity with respect to equitable relief, e.g., the Administrative Procedure Act, 5 U.S.C. § 702 (permitting suit for injunctive relief against federal agency action under certain

circumstances), the Anti-Injunction act bars entry of injunctive relief that would interfere with the collection of taxes.

Plaintiffs' motion also arguably invokes Rule 60(b)(3), which permits relief from final judgment in cases where the opposing party has committed fraud, misrepresentation, or misconduct.  For the most part, Plaintiffs' allegations of fraud concern conduct during the course of *Uptergrove I* and other prior lawsuits.  Any such conduct, if it occurred, cannot form the basis of a motion for relief from judgment in <u>this</u> case.  To the extent that Plaintiffs suggest opposing counsel committed fraud or misconduct by arguing that *Enochs* does not apply in this case, any such suggestion is without merit.  *Enochs* does not apply here.  Making this argument was certainly not misconduct, as it was legally correct.

Finally, Plaintiffs' motion does not satisfy the stringent requirements of Rule 60(b)(6), which is a "catch-all" provision that is used "sparingly as an equitable remedy to prevent manifest injustice."  *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998).  For Rule 60(b)(6) relief, the moving party must show "both injury and that circumstances beyond its control prevented timely action to protect its interests."  *Id*.  "Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."  *Id*.

IV. <u>CONCLUSION</u>

    For the reasons set forth above, Plaintiffs motion to set aside the April 29, 2009 Judgment, construed as a motion for relief from judgment under Rule 60(b) is DENIED.


SO ORDERED
Dated:  July 27, 2009

                              ___/s/ Oliver W. Wanger___
                                Oliver W. Wanger
                              United States District Judge

11